IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHEILA AHERN           Plaintiff, | : |
| v. | :    CIVIL ACTION<br>NO. 15-5911 |
| ERESEARCH TECHNOLOGY, INC.;<br>STEVEN HERNE; and,<br>VALERIE MATTERN           Defendants. | : |

**MEMORANDUM**

**Jones, II   J.**                                                                                      **April 29, 2016**

## I. Introduction

Plaintiff Sheila Ahern initiated the above-captioned suit against Defendants EResearch Technology Inc., Steven Herne and Valerie Mattern on the alleged basis that Plaintiff was unlawfully terminated as a result of her pregnancy and in retaliation for complaints she made regarding same. As such, she is asserting Defendants violated: Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*; the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.*; the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*; and, the Philadelphia Fair Practices Ordinance ("PFPO"), Phila. Code. §9-1101, *et seq*. Defendants have filed a Partial Motion to Dismiss Plaintiff's Claims. For the reasons set forth below, said Motion shall be granted in part and denied in part.

## II.     Background

### A.  Factual History

Plaintiff began working for Defendant EResearch on or about August 1, 2011 as an executive assistant to the Chief Executive Officer. (Compl. ¶ 14.)  Defendant Mattern was EResearch's Vice President of Human Resources. (Compl. ¶ 12.) Defendant Steven Herne, hired on or about August 2013, was EResearch's Chief Commercial Officer. (Compl. ¶ 17.) Defendants Mattern and Herne were Plaintiff's supervisors. (Compl. ¶¶ 10, 12.)

After Plaintiff learned that she was pregnant in July 2013, she informed several EResearch employees, including Defendant Mattern. (Compl. ¶ 16.)  Prior to this point, Plaintiff had been praised for her work performance. (Compl. ¶ 15.) However, the month following news of Plaintiff's pregnancy, Defendant Mattern placed Plaintiff on probation. (Compl. ¶ 21.) For Plaintiff, this was the first time she had been placed on probation since she was hired.  (Compl. ¶ 21.) Plaintiff alleges that the underlying issues that purportedly triggered her probation were "trivial or untrue." (Compl. ¶ 22.) Upon being placed on probation, Plaintiff was required to meet with Defendant Mattern on a bi-weekly basis to discuss issues that Defendant Herne allegedly had with Plaintiff's performance. (Compl. ¶¶ 30-31.) During this same period of time, Plaintiff contends Defendant Herne began to act inappropriately towards her. (Compl. ¶ 23.)  Namely, Plaintiff alleges Herne called Plaintiff obese, commented on her eating habits, stared at her breasts, encouraged her to wear clothes that would make her look thinner, and poked at her stomach while making an inappropriate noise. (Compl. ¶¶ 23-27.)

In November 2013, Plaintiff once again met with Defendant Mattern to discuss her performance. (Compl. ¶ 32.) At this meeting, Plaintiff told Defendant Mattern of Defendant Herne's inappropriate behavior. (Compl. ¶ 34.) Defendant Mattern stated that she would investigate her claim. (Compl. ¶ 35.) Defendant Mattern then handed Plaintiff a resignation form and informed Plaintiff that she could either

resign and remain with Defendant EResearch through April 2014, or be terminated immediately. (Compl. ¶¶ 36-37.) Given this choice, Plaintiff decided to voluntarily resign. (Compl. ¶ 38.)

In December of 2013, Plaintiff was placed on bed rest by her doctor due to her stressful work environment. (Compl. ¶ 41.) The within suit followed.

### B. Procedural History

On April 15, 2014, Plaintiff filed an EEOC Charge against Defendants. (Compl. ¶ 4.) In her EEOC Charge, Plaintiff asserted violations of Title VII, the ADA, the Pregnancy Discrimination Act, and the PHRA. (Defs'. Mot. Dismiss Ex.A, 3, ECF No. 4-4.) On September 24, 2015 Plaintiff received a Right to Sue letter from the EEOC. (Compl. ¶ 5.) The instant suit was filed on October 30, 2015 and consisted of nine causes of action: (1) discrimination under Title VII, (2) retaliation under Title VII, (3) discrimination under the ADA, (4) discrimination under the PHRA, (5) retaliation under the PHRA, (6) individual liability under the PHRA, (7) discrimination under the PFPO, (8) retaliation under the PFPO, and (9) individual liability under the PFPO. (Compl. ¶¶ 52, 53, 56, 64, 68, 71, 74, 78, 81.)

In response to Plaintiff's Complaint, Defendants filed a partial motion to dismiss, claiming Plaintiff failed to exhaust administrative remedies with regard to the PFPO and did not meet the definition of disability under the ADA or the PHRA. (Defs'. Mot. Dismiss 4, 6, ECF No. 4-1.) Plaintiff opposes dismissal, claiming she did exhaust administrative remedies and has met the threshold for disability due to complications from her pregnancy. (Pl.'s Opp'n Mot. Dismiss 9, 12, ECF No. 6.)

### III. Standard of Review

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation and citation omitted). After the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has factual plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (citing *Twombly*, 550 U.S. at 556). This standard, which applies to all civil cases, "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678; *accord Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) ("[A]ll civil complaints must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (internal quotation marks omitted).

### IV. Discussion

#### A. PFPO Claims

The Philadelphia Fair Practices Ordinance prohibits employment discrimination, including pregnancy. Phila. Code. §9-1103(1). The PFPO statute does not explicitly indicate that a plaintiff must exhaust her administrative remedies to bring suit. *Id*. at § 9-1100-127. Courts, however, require plaintiffs to exhaust their administrative remedies before bringing a PFPO suit. *Richards v. Foulke Assocs.*, 151 F. Supp. 2d 610, 616 (E.D. Pa. 2001). However, charges not included in an administrative charge may be brought if the claims were reasonably within the scope of the original charge and would have been found through a reasonable investigation by the administrative body. *Howze v. Jones &*

4

*Laughlin Steel Corp.*, 750 F.2d 1208, 1212 (3d Cir. 1984).  Additionally, claims based on statutes promulgated by other levels of government have been found to be within the scope of an administrative charge. *Riley v. Wal-Mart Stores E., L.P.*, Civil Action No. 09-960, 2009 U.S. Dist. LEXIS 89391, at *7 (W.D. Pa. Sep. 28, 2009).  As such, the court in *Riley* determined that an administrative PHRA claim for discrimination based upon a disability was sufficient for purposes of allowing a subsequent ADA claim to proceed in District Court.  *Id.*  This determination was based upon the fact that the defendant was on notice of the claim and the new charge was within the scope of the previous filing. *Id*. at *7.

In this case, Plaintiff awaited a decision from the EEOC before filing the instant suit.  (Compl. ¶ 5.)  Further, Plaintiff's Title VII claim deals with the same issue covered by the PFPO: discrimination on the basis of pregnancy. Because of this, the PFPO claims can reasonably be deemed within the scope of the original charge and discoverable upon reasonable investigation by the EEOC. Accordingly, Plaintiff's PFPO claims shall be permitted to proceed.

    **B.**  **Disability Under the ADA, PHRA and PFPO**

Employers are prohibited from discriminating on the basis of disability with regard to job applications, hiring, advancement, or firing. 42 U.S.C.A. § 12112(a) (West 2016); 43 Pa. Stat. Ann. § 955(a) (West 2016); Phila. Code. §9-1103(1). To show a violation, a plaintiff must establish: "(1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination." *Taylor v. Phoenixville School Dist.*, 184 F.3d 296, 306 (3d Cir. 1999).  For purposes of assessing claims such as the ones presented herein, Title VII, the PHRA, and the PFPO have been interpreted in a similar fashion. *See e.g. Dici v. Commw. Pa.*, 91 F.3d 542, 552 (3d Cir. 1996) (the PHRA is applied in a similar manner as Title

VII); *see also Joseph v. Cont'l Airlines, Inc.*, 126 F. Supp. 2d 373, 376 n.3 (E.D. Pa. 2000) (analysis of a claim under Title VII applies in equal force to the PFPO).

Pregnancy, alone, does not constitute disability. *See Brennan v. National Telephone Directory Corp.*, 850 F. Supp. 331, 344 (E.D. Pa. 1994) (rejecting pregnancy as a disability because it does not substantially limit one or more major life activities or constitute a physical impairments that affects bodily systems or organs.) (citing 16 Pa. Code § 44.4 (1992)).  Since *Brennan*, the definition of "substantially limited" has been broadened significantly.  With that said, pregnancy alone still does not satisfy disability requirements. *See Oliver v. Scranton Materials, Inc.*,Civ. Action No. 14-0549,  2015 U.S. Dist. LEXIS 27121, at *18 (M.D. Pa. 2015) (finding complications from pregnancy sufficient to proceed under the ADA but ultimately dismissing claims without prejudice because the plaintiff failed to specify the nature of said complications); *see also Varone v. Great Wolf Lodge of the Poconos, LLC*, Civ. Action No. 15-CV-304, 2016 U.S. Dist. LEXIS 47867 (M.D. Pa. 2016) (recognizing that although pregnancy alone may not be a disability under the ADA, impairments related thereto may qualify); *Moore v. CVS RX Servs.*, Civ. Action No. 14-CV-01318, 2015 U.S. Dist. LEXIS 147300, at *59 (M.D. Pa. 2015) (finding pregnancy related complications could constitute a disability under the ADA).

Here, Plaintiff fails to demonstrate that she had any disability prior to the notice of her termination and decision to resign. Plaintiff was notified that she was being terminated on or about November 11, 2013. (Compl. ¶ 32.)  Inasmuch as pregnancy alone is not considered a disability under the ADA or the PHRA and Plaintiff did not experience any pregnancy-related complications until December 9, 2013 (almost an entire month after being notified of her termination) no disability existed

at the time of the alleged discrimination. (Compl. ¶ 41.) Accordingly, Plaintiff's claims based on disability discrimination shall be dismissed.[1]

### C.    Title VII, PHRA and PFPO Claims Based Upon Pregnancy

#### i.   Discrimination

Employers are prohibited from refusing to hire, fire, or otherwise discriminate against a person due to their race, color, religion, sex, or national origin. 42 U.S.C.A. § 2000e-2(a)(1) (West 2016); 43 Pa. Stat. Ann. § 955(a) (West 2016);  Phila. Code. §9-1103(1). Discrimination based on pregnancy is prohibited as a subsection of the "because of sex" category.  42 U.S.C.A. § 2000e(k) (West 2016). To show pregnancy discrimination, a plaintiff must establish: (1) she is or was pregnant and that her employer knew; (2) she was qualified for the job; (3) she suffered an adverse employment decision; and (4) there was a nexus between her pregnancy and the adverse employment decision that would allow a fact-finder to infer discrimination. *Doe v. C.A.R.S. Prot. Plus, Inc.*, 527 F.3d 358, 366 (3d Cir. 2008).

The fourth element, the nexus between the pregnancy and the adverse employment decision, can be established several ways. First, a plaintiff can show that similarly situated, non-pregnant employees were treated in a better manner. *Id.* Second, an inference of discrimination can be made based upon the temporal proximity between the pregnancy and the adverse act. *Leboon v. Lancaster Jewish Cty. Ctr. Ass'n*, 503 F.3d 217, 232–233 (3d Cir. 2007). Third, an inference can be made based upon review of all proffered evidence. *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 280 (3d Cir. 2000).

---

[1]  In opposition to dismissal, Plaintiff cites to the PFPO for the proposition that "(1) It shall be unlawful discriminatory employment practice for an employer to fail to provide reasonable accommodations to an employee for needs related to pregnancy, childbirth, or a related medical condition, provided (i) the employee requests such accommodations and (ii) such accommodations will not cause an undue hardship to the employer." (Pl.'s Opp'n Mot. Dismiss 14, ECF No. 6 at 14) (citing Phila. Code. §9-1128).  This Court notes that Plaintiff's Complaint is devoid of any allegation(s) that she ever sought an accommodation from Defendants prior to the date she was informed of her termination and agreed to resign.

There is no bright-line rule to determine at what point temporal proximity, in and of itself, can demonstrate an inference of discrimination. The Third Circuit has stated that a span of days, and not months, satisfies the requirement because of the "unusually suggestive" timing. *Farrell.* 206 F.3d at 279 n. 5.  Where the actions span months, additional evidence is needed.  *Id.* An exhaustive list of acceptable evidence has not been created, but such evidence includes a pattern of antagonism during the intervening period. *Id.*

Here, Plaintiff has sufficiently pled a cause of action for sex discrimination on the basis of pregnancy. Plaintiff was ten weeks pregnant in July 2013. (Compl. ¶ 16.) Her employer was notified shortly thereafter. (Compl. ¶ 16.) In August 2013, Defendant Herne was hired and thereafter began both his offensive conduct and his complaints about Plaintiff's work. (Compl. ¶¶ 17, 23, 31.) Plaintiff was subjected to an adverse action by being forced to resign or face immediate termination. (Compl. ¶¶ 36-37.) According to Plaintiff, her termination was due to her pregnancy (in addition to retaliation for her complaining about Defendant Herne's pregnancy discrimination). (Compl. ¶ 40.)  Lastly, the Complaint demonstrates a nexus between Plaintiff's forced resignation and her pregnancy. Temporal proximity alone does not establish an inference because months, not days, spanned these acts. (Compl. ¶¶ 16, 32, 36.) However, a pattern of antagonism against Plaintiff existed because she was allegedly placed on probation for the first time for "trivial or untrue" issues during this period. (Compl. ¶¶ 18, 21-22.) Accordingly, Plaintiff has sufficiently pled local, state and federal claims of discrimination on the basis of pregnancy.

### ii. Retaliation

Employers are prohibited from discriminating against an employee because s/he has opposed, made a charge, testified, assisted, or participated in any investigation, proceeding or hearing regarding an unlawful discriminatory practice. 42 U.S.C.A. § 2000e-3(a) (West 2016); 43 Pa. Stat. Ann. § 955(d)

(West 2016); Phila. Code. §9-1103(1)(g).  In order for Plaintiff to survive a motion to dismiss her retaliation claims, she must prima facially establish "evidence that '(1) she engaged in activity protected by Title VII; (2) the employer took an adverse employment action against her; and (3) there was a causal connection between her participation in the protected activity and the adverse employment action.'" *Wadhwa v. Sec'y*, 505 F. App'x 209, 213 (3d Cir. 2012) (citing *Moore v. City of Philadelphia*, 461 F.3d 331, 340-41 (3d Cir. 2006) (quoting *Nelson v. Upsala Coll.*, 51 F.3d 383, 386 (3d Cir. 1995)).  Protected activities include informal protests to the employer, so long as they specifically allege that discrimination has occurred. *LeBlanc v. Hill Sch.*, Civ. Action No. 14-1674, 2015 U.S. Dist. LEXIS 2981, at *35-36 (E.D. Pa. 2015) (finding a protected activity where the plaintiff complained of sex and age discrimination both in writing and in person). Furthermore, the plaintiff must have had an objectively reasonable belief that the actions he or she opposed constituted discrimination. *Phillips v. Donahoe,* Civ. Action No. 12-410, 2013 U.S. Dist. LEXIS 160537, at *56-57 (W.D. Pa. 2013) (finding that a reasonable person would have found that having private, nude photographs shared within the workplace would violate Title VII).

  Here, Plaintiff has sufficiently pled a retaliation claim. Plaintiff's Complaint alleges that she complained to Defendant Mattern in person that Defendant Herne discriminated against her on the basis of her pregnancy. (Compl. ¶ 34.) The acts behind this allegation included inappropriate remarks about Plaintiff's pregnancy size, comments about her eating habits, staring at her breasts, and poking at her stomach. (Compl. ¶¶ 23-27.)  Coupled with the fact that Defendant Herne  made allegedly unprecedented complaints about Plaintiff's work during the relevant time period, these allegations support a finding that Plaintiff had an objectively reasonable belief that Defendant Herne's acts constituted pregnancy discrimination. (Compl. ¶ 31.)  Plaintiff has similarly satisfied the second element by reason of her allegation that after she reported Defendant Herne's conduct, she was given a choice of

resignation or termination. (Compl. ¶ 36.) Lastly, Plaintiff has sufficiently pled causal connection based on temporal proximity—immediately after (on the same day) Plaintiff alerted Defendant Mattern of Defendant Herne's conduct, Plaintiff was presented with a resignation form. (Compl. ¶ 36.) In view of the foregoing, Plaintiff has a sufficiently pled retaliation.

### iii.  Individual Liability

Both Pennsylvania and Philadelphia impose individual liability on any person who aids, abets, incites, compels or coerces, or directly or indirectly commits unlawful discrimination. 43 Pa. Stat. Ann. § 955(e) (West 2016); Phila. Code. §9-1103(h). Liability will be imposed for a supervisor's own discriminatory conduct or their failure to take action against discrimination experienced by the employee. *D'Altilio v. Dover Twp.*, Civ. Action No. 06-1931, 2009 U.S. Dist. LEXIS 83663, at *46 (M.D. Pa. 2009) (citing *Dici v. Commw. Pa.*, 91 F.3d 542, 552-53 (3d Cir. 1996)).

#### a.  Defendant Mattern

Courts have permitted discriminatory aiding and abetting claims to proceed where a supervisor has terminated the plaintiff due to their protected status. *See e.g. Santai v. Fred Beans Ford, Inc.,* Civ. Action No. 10-2367, 2011 U.S. Dist. LEXIS 91128, at *10 (E.D. Pa. 2011) (refusing to grant summary judgment where the plaintiff alleged that her supervisors terminated her because of her pregnancy); *see also Hanczyc v. Valley Distrib. & Storage Co.*, Civ. Action No. 10-2397, 2011 U.S. Dist. LEXIS 49169, at *7 (M.D. Pa. 2011) (denying a motion to dismiss where the plaintiff alleged that his supervisors terminated him due to his disability); *Holocheck v. Luzerne Cty. Head Start, Inc.*, 385 F. Supp. 2d 491, 497 (M.D. Pa. 2005) (denying a motion to dismiss where the plaintiff asserted that her supervisors fired her because of her age).

Here, Plaintiff has alleged sufficient facts to plausibly support a finding of individual liability against Defendant Mattern. The Complaint sufficiently alleges that Defendant Mattern was one of

Plaintiff's supervisors. (Compl. ¶ 12.). As stated earlier, Plaintiff also sufficiently alleges that Defendant Mattern discriminated against her by forcing her to resign, after placing her on probation for allegedly untrue or trivial matters, because she was pregnant. (Compl. ¶¶ 36, 37.) As such, Defendant Mattern could potentially be deemed individually liable and Plaintiff's claims regarding same shall proceed.

### b. Defendant Herne

When assessing whether discrimination has taken place "stray remarks . . . by decisionmakers unrelated to the decision process are rarely given great weigh, particularly if they were made temporally remote from the date of the decision." *Husick v. Allegheny Cty.*, Civ. Action No. 07-1175, 2010 U.S. Dist. LEXIS 46022, at *48 (W.D. Pa. 2010) (quoting *Brewer v. Quaker State Oil Refining Corp.*, 72 F.3d 326, 333 (3d Cir. 1995)). Those statements, however, can be used as circumstantial evidence of discrimination. *Id.* (citing *Abrams v. Lightoiler, Inc.*, 50 F.3d 1204, 1214 (3d Cir. 1995)).

Under this framework, Plaintiff has set forth sufficient allegations of individual liability against Defendant Herne for discrimination. The Complaint alleges that Defendant Herne was one of Plaintiff's supervisors. (Compl. ¶ 10.) Defendant Herne's alleged acts included: making comments about Plaintiff's pregnancy size and eating habits, staring at her breasts, and poking her stomach while making an inappropriate noise. (Compl. ¶¶ 23-27.) The Complaint does not sufficiently allege that the remarks were made in close proximity to the adverse action, and cannot be taken as direct evidence of discrimination. However, when viewed in conjunction with other allegations contained within the Complaint, they sufficiently demonstrate its presence. Similarly, Defendant Herne's alleged comments and actions sufficiently demonstrate his discriminatory animus toward pregnancy. When viewed in light of the fact that the complaints made regarding Plaintiff's work were made by Defendant Herne, there exist sufficient facts to plausibly demonstrate that his acts constituted discrimination. (Compl. ¶ 31.) As such, Plaintiff's claims of discrimination against Defendant Herne shall not be dismissed.

**III.     Conclusion**

For the reasons set forth herein, Defendants' Motion to Dismiss shall be granted with regard to Plaintiff's Third Cause of Action alleging discrimination on the basis of disability under the ADA. Defendants' Motion shall similarly be granted solely with regard to the disability claims contained within Plaintiff's Fourth and Seventh Causes of Action. The remainder of Defendants' Motion shall be denied.

An appropriate Order follows.

BY THE COURT:

/s/  C. Darnell Jones, II     J.
